UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARCIA M. BERGENFIELD,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION *et al.*,

Defendants.

Case No. 2:16-cv-01691-RFB-PAL

**ORDER**

## I. INTRODUCTION

Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 5), and Defendants' Motion for Summary Judgment (ECF No. 16). For the reasons stated below, Plaintiff's Motion for Summary Judgment is denied and Defendants' Motion for Summary Judgment is granted.

## II. BACKGROUND

Plaintiff seeks quiet title and declaratory relief that defendants may not foreclose on her property because of the passing of the applicable statute of limitations. The complaint was first filed in state court on June 9, 2016, and removed on July 18, 2016. ECF No. 1. Prior to the filing of an answer, on July 19, 2016, Plaintiff Bergenfield filed a Motion for Summary Judgment. ECF

No. 5. The Motion argues only that under Nevada law, a foreclosure is an action upon a contract, and therefore the six-year contract statute of limitations bars any action against Plaintiff's property. Defendants filed an Answer on August 1, 2016. ECF No. 6. Defendants responded to Plaintiff's Motion for Summary Judgment on August 12, 2016, and Plaintiff Replied on August 22, 2016. ECF Nos. 8, 11. A discovery order issued on August 22, 2016. ECF No. 12. Discovery closed on January 30, 2017. Defendant Nationstar Mortgage filed a Motion for Summary Judgment on February 3, 2017. ECF No. 16. The Motion argues that a longer ten-year statute of limitations, for "expungement of liens" applies to foreclosures, among other defenses.

### III. LEGAL STANDARD

#### A. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

### IV. UNDISPUTED/DISPUTED FACTS

#### A. Undisputed Facts

The parties do not dispute the facts, but make only legal arguments regarding the applicable statute of limitations. The Court finds the following undisputed facts:

This lawsuit involves real property located at 7501 Midnight Rambler Street, Las Vegas,

NV 89149-0119, and bearing Assessor's Parcel Number 125-18-710-047 (the "Property"). On or about November 30, 2004, Plaintiff executed a promissory note related to the Property naming Countrywide Home Loans, Inc. ("Countrywide"), as the "Lender", and promising to pay $636,663.00 ("Note"). On or about November 30, 2004, Plaintiff also executed a deed of trust related to the Property naming Countrywide as the "Lender" ("Deed of Trust"). The Deed of Trust and correlating Note encumbered the Property with an indebtedness in the amount of $636,663.00. Plaintiff contacted Defendant, or its predecessor or agent, in September, 2008, to discuss loan modification options. Plaintiff was informed that she would have to be in default before a loan modification would be forthcoming.

In or around October, 2009, in compliance with directions from representatives of BAC Home Loans, Plaintiff missed a payment on her mortgage. On or about January 22, 2010, Defendant, through its trustee, filed a Notice of Default and Election to Sell related to the Property in the official records of Clark County, as document number 20100122-0003782 ("First Notice of Default"). The First Notice of Default stated that because there was a "FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 10/01/2009 … the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A., a written Declaration of Default and Demand for sale… and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and dues hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby."

On January 29, 2010, the Deed of Trust was assigned to HSBC Bank USA, National Association, as Trustee on behalf of CSFB, ARMT 2004-5 Trust Fund. As a result of the above quoted information from the First Notice of Default, Defendant accelerated the Note and Deed of Trust on January 22, 2010, or the day that the First Notice of Default was executed. On April 4, 2010, Bergenfield and Bank of America participated in a foreclosure mediation pursuant to NRS 107.087.

A Notice of Trustee's Sale was recorded on May 9, 2011. On May 11, 2016, the Deed of Trust was assigned to U.S. Bank, N.A., National Association, As Trustee for CSFB Mortgage-

Backed Pass-Through Certificates, Series 2004-5. On May 23, 2016, a substitution of trustee was filed as Instrument No. 20160523-0000769 of the official Clark County Recorder's records naming Clear Recon Corp., as Trustee under the Mortgage. On June 3, 2016, Nationstar, as U.S. Bank's servicer, recorded a Notice of Rescission of the Notice of Default, rescinding the 2010 notice of default. On June 3, 2016, Defendants, through their agents, predecessors, or predecessors' agents, specifically, Clear Recon Corp., filed another Notice of Default and Election to Sell the Property, in the official records of Clark County, Nevada, which was assigned document number 20160603-0001608.

## V. DISCUSSION

Declaratory relief is available when: (1) a justiciable controversy exists; (2) the controversy is between parties with adverse interests; (3) the party seeking declaratory relief has a legally protectable interest; and (4) the issue involved in the controversy is ripe for judicial determination. Doe v. Bryan, 728 P.2d 443, 444 (Nev.1986). The Court finds that declaratory relief is available here. There is a justiciable controversy – whether the statute of limitations bars Defendants from enforcing their rights under the Deed of Trust. The parties are adverse. The interest which Plaintiff is seeking to protect is ownership of the Property. And, finally, given that the Defendants have issued a notice of default, the controversy—who possesses superior title to the property and whether the Defendant may foreclose on the plaintiff—is ripe for judicial determination

Plaintiff alleges that the foreclosure is barred by the six-years statute of limitations provided in NRS 11.190(1). "Except as otherwise provided in N.R.S. 40.4639, 125B.050 and 217.007, actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows: 1. Within 6 years: (a) . . . (b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter." N.R.S. 11.190(1)(b). "The peculiar language of NRS 11.190(1)(b) is derived from a California statute adopted in 1850, allowing four years for: 'An action upon any contract, obligation, or liability, founded upon an instrument of writing.'" El

Ranco, Inc. v. New York Meat and Provision Co., 493 P.2d 1318, 1320 (Nev. 1989) (citing 1850 Calif. Stats., Ch. 127 (ch. III s 17)).

Defendants contend that NRS 106.240, entitled "Extinguishment of lien created by mortgage or deed of trust upon real property," provides the applicable statute of limitations. NRS 106.240 provides: "The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged." NRS 106.240. In Pro-Max Corp. v. Feenstra, 117 Nev. 90, 94, 16 P.3d 1074, 1077 (2001), opinion reinstated on reh'g (Jan. 31, 2001), the Nevada Supreme Court held that "NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due."

Plaintiff cites to two cases from the 1860's to support the proposition that a foreclosure action is governed by the six-year NRS 11.190(1) statute of limitations. In Henry v. Confidence Gold & Silver, the Nevada Supreme Court analyzed which of two statutes of limitations applied to a foreclosure action, either (1) a statute providing that "Actions other than those for the recovery of real property can only be commenced as follows . . . within four years an action upon any contract, obligation or liability founded upon an instrument of writing, except those mentioned in the preceding section."—the first and basically unaltered 1865 version of NRS 11.190(1)—or (2) a statute then in existence limiting actions "upon any judgment, contract, obligation or liability, for the payment of money or damages…" 1 Nev. 618 (1865). The Court stated its concurrence with a California Supreme Court opinion finding that the statute at issue—the same statute as Nevada borrowed it from California—"limits equity suits in the same manner that it limits actions at law." The court then found that even where the damages statute of limitations would bar any claim for payment of the debt in money, "a bill to foreclose the mortgage would not be barred until four years had elapsed since the cause of action arose thereon." Four years was the length of time provided in the 1865 version of NRS 11.190(1). In Mackie v. Lansing, the Supreme Court of

Nevada reversed the lower court holding that a second mortgage took precedence because a prior mortgage was barred by a different statute of limitations. The Court stated "his right to foreclose the mortgage is not barred until the lapse of four years." 2 Nev. 3012 (Nev. 1866) (citing Henry, 1 Nev. 619).

These cases applied the "obligation upon an instrument in writing" statute of limitations to foreclosures. In the absence of intervening authority, these cases may establish that foreclosures today, and the foreclosure at issue in this case, are subject to the six-year statute of limitations. However, in 1917, the Nevada legislature passed the first version of what is now NRS 106.240, which provides: "The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged." NRS 106.240.

Plaintiff argues, based upon the title and text of the statute, and its placement within the Nevada Code, that the statute is meant as a record-keeping mechanism, allowing the clearing of stale liens from records related to real property. Defendants argue that it is a newer and more specific statute of limitations, and therefore it provides the statutory limit for foreclosure actions. On March 2, 1917, the Nevada legislature approved a bill with the following caption: "An Act to quiet title to real estate by defining when the lien of an attachment and mortgage and the notice of the pendency of an action expires." Nevada Laws 1917, c. 37 § 2. The section that became NRS 106.240 read as follows: "The lien heretofore or hereafter created of any mortgage upon any real estate, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of ten years after the debt secured by said mortgage according to the terms thereof become wholly due, terminate, and it shall be conclusively presumed that said debt has been regularly satisfied and said lien discharged." Id. The relevant section was amended in 1965, by a bill with the heading, "An Act to amend NRS section 106.240, relating to the extinguishment of recorded mortgage liens, by including deeds of trust and recorded extensions of mortgages and

deeds of trust." Nevada Laws 1965, p. 1229. That law created the current version of NRS 106.240, as cited by the Defendants. It added the words "or deed of trust" and "or any recorded written extension thereof" to the 1917 version of the law. Id. The 1965 Assembly Committee on Judiciary contain a statements from a legislator that the bill was "a basis for clearing a title." Minutes of Meeting – Committee on Judiciary, 53rd Legislature, March 13, 1965, AB 426.

This legislative history establishes that NRS 106.240 was not intended simply to "allow county clerks to clean the books," as contended by Plaintiff. The heading of the original 1917 bill makes clear that it provides a means to "quiet title." After the 1965 amendments, the bill provides for quieting title as to both mortgages and deeds of trusts. The plain meaning is thus that it unburdens a property of any obligations pursuant to these types of written instruments. NRS 107.025 provides: "A deed of trust may encumber an estate for years however created, including a lease of a dwelling unit of a cooperative housing corporation, unless prohibited by the instrument creating the estate, and foreclosure may be had by the exercise of a power of sale in accordance with the provisions of this chapter." NRS 107.080 provides: "Except as otherwise provided in NRS 106.210, 107.085 and 107.086, if any transfer in trust of any estate in real property is made after March 29, 1927, to secure the performance of an obligation or the payment of any debt, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security." The plain meaning of these statutes indicates that a lien generally confers the power to foreclose. While it may be possible that a contract could create a lien encumbering a property, but lacking the right to foreclose, the terms "mortgage" and "deed of trust" are commonly understood to create a power of foreclosure, and as a general matter, may do so under Nevada law.

The Court adopts the straightforward reading of NRS 106.240 to find that it establishes a specific statute of limitations as to foreclosure actions based upon mortgages or deeds of trust. The specific and plain language of the statute clearly supersedes any prior law to the contrary. This does not mean that where a lienholder issues a Notice of Default and Election to sell, it will necessarily have ten years to carry out a foreclosure sale. Equitable defenses such as laches, for

example, may apply. Laches was not raised here and the Court need not consider whether it would provide a basis for the relief sought.

Because the Court finds that NRS 106.240 provides the only statutory limitation on foreclosure actions based upon a deed of trust, and Plaintiff seeks quiet title and declaratory relief based only on the application of the six-year statute of limitations under NRS 11.190(1), the Court denies Plaintiff's Motion for Summary Judgment, and Grants Defendants' Motion. The Court does not consider Defendants' remaining arguments as to the non-applicability of NRS 11.190(1).

## VI. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that ECF No. 5 Plaintiff's Motion for Summary Judgment is denied.

**IT IS FURTHER ORDERED** that ECF No. 16 Defendants' Motion for Summary Judgment is granted.

DATED: October 10, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**